# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF WISCONSIN

---

ESTATE OF JAY ANDERSON, JR.
by Special Administrator, Starkeisha DeLaRosa;
J.A. minor child, through her next friend Starkeisha DeLaRosa,

       Plaintiff,      Case No. 2:21-cv-1179

v.

CITY OF WAUWATOSA,
OFFICER JOSEPH ANTHONY MENSAH,
in his individual capacity, and
FORMER CHIEF OF POLICE BARRY WEBER,
in his Official capacity,

       Defendants.

---

## DEFENDANT JOSEPH MENSAH'S BRIEF IN SUPPORT OF MOTION FOR LIMITED STAY OF DISCOVERY

---

  Defendant, Joseph Mensah, by his attorneys, Gunta Law Offices, S.C., hereby move this Court for a limited stay of discovery directed to Officer Joseph Mensah ("Officer Mensah") until a charging decision is made in the pending John Doe Proceeding (Milwaukee County Case Number 2020JD000015).

### INTRODUCTION

  Officer Mensah intends to invoke his constitutional right not to be a witness against himself in this litigation due to a pending and related John Doe case. As a result, discovery directed to Officer Mensah in this civil case cannot practically move forward in any meaningful way. Therefore discovery—**only as directed to Officer Mensah**—should be stayed pending the special prosecutors' charging decision in the John Doe case.

1

1. On October 21, 2020, the family of Jay Anderson Jr., (Jay Anderson Senior, Linda Anderson, and Starkeisha DeLaRosa) retained private counsel Kimberly Motley (also counsel for Plaintiffs here) and Deborah S. Vishny to file a John Doe "Petition" seeking a criminal complaint be filed against Officer Mensah in connection with the shooting death of Jay Anderson Jr., which occurred on June 23, 2016.[1]

2. On or about December 17, 2021, Milwaukee County Circuit Court Judge Glenn Yamahiro appointed two special prosecutors in the John Doe proceeding to re-examine the case and determine whether criminal charges were warranted.[2] The special prosecutors were given 60 days to complete their review and render a charging decision.[3]

3. The investigation is still ongoing. A review of the CCAP record indicates that there is a hearing scheduled for March 18, 2022, at 9:30 a.m.[4] Defense counsel has been advised from Officer Mensah's criminal defense counsel that the special prosecutors are likely to render their charging decision at that time.

4. On October 13, 2021, Starkeisha DeLaRosa as Special Administrator of the Estate of Jay Anderson, Jr. and on behalf of J.A. a minor child, filed this §1983 civil action. *See generally* (Dkt. 1) The allegations in this lawsuit are identical to the allegations made in the John Doe case as they relate to Officer Mensah (*Id*. at ¶¶ 91-144) and further allege claims against the City of Wauwatosa. (*Id*. ¶¶ 151-155)

---

[1] Wisconsin Circuit Court Access' website (CCAP) for Milwaukee County Case Number 2020JD000015 In RE: 968.02(3) Complaint. (Docket 1)

[2] Supra Fn 1. (Docket 88)

[3] (Wisconsin Public Radio, December 8, 2021) https://www.wpr.org/special-prosecutors-appointed-joseph-mensahs-case-alleging-homicide-jay-anderson-jr

[4] Supra Fn 1. ("Court Activities")

2

5. On January 26, 2022, Plaintiffs served their First Request for Production of Documents on defense counsel. The Requests are not directed to a specific defendant but addressed to "You." Later in the document, there is a portion titled "Definitions" which defines "you" to mean "the City of Wauwatosa, Joseph Mensah, and Barry Weber, named in the Complaint, and all other persons acting or purporting to act on behalf of the foregoing defendants." While it is unclear what defendant the Requests are directed to—they appear to request documents in possession of the City and the City fully intends on responding to said Requests and will provide all discoverable documents in their possession including those relating to Officer Mensah. Plaintiffs' counsel has also indicated a desire to immediately depose Officer Mensah.

7. On February 3, 2022, this Court entered a scheduling order which required the parties to exchange initial disclosures by February 17, 2022, and set September 30, 2022, as the deadline to complete discovery. (Dkt. 21, at ¶¶ 1, 3)

8. Prior to filing this motion, on February 16, 2022, the parties met and conferred (and continued discussions until the date of this filing) in good faith in an effort to resolve these issues. The parties were not successful, and this Motion is disputed.

## DISCUSSION

This Court has substantial discretion to control its docket including the inherent power to stay discovery in a civil proceeding where, as here, an ongoing criminal investigation will force a defendant to choose between defending his Fifth Amendment rights and defending a civil lawsuit. *See also Tostado v. Jackson, No. 10–CV–1162,* 2011 WL 2116396, at * 2 (E.D.Wis. May 25, 2011). Indeed, District courts have inherent authority to stay civil proceedings until related criminal cases are completed "when the interests of justice seem [ ] to require such action." *Doe v. Cty. of Milwaukee*, No. 14-C-200, 2014 WL 3728078, at *5 (E.D. Wis. July 29, 2014)(citing

*United States v. Kordel*, 397 U.S. 1, 12 n. 27 (1970)). Stays have been issued "sometimes at the request of the prosecution ... sometimes at the request of the defense." *Id*. In previous cases this Court has held that proceedings in a civil case may be stayed to prevent them from interfering with a related criminal case. *See*, e.g., *Mr. Dee's, Inc. v. Int'l Outsourcing–Servs., LLC*, No. 08–C–457, 2008 WL 4853601, at *1 (E.D .Wis. Nov. 3, 2008); *Bruner Corp. v. Balogh*, 819 F.Supp. 811, 813 (E.D.Wis.1993).

In *Tostado*, the Eastern District of Wisconsin recognized that in "determining whether to stay civil proceedings because of a pending criminal action, the court may consider" the following factors:

> (1) whether the two actions involve the same subject matter; (2) whether the two actions are brought by the government; (3) the posture of the criminal proceeding; (4) the effect on the public interests at stake if a stay were to be issued; (5) the interest of the plaintiffs in proceeding expeditiously with this litigation and the potential prejudice to plaintiffs of a delay; and (6) the burden that any particular aspect of the proceedings may impose on defendants.

2011 WL 2116396, at 2 (citations omitted). In *Tostado*, the plaintiff filed a § 1983 claim alleging her civil rights were violated while she was an inmate at Milwaukee Women's Correctional Center. *Id.* at *1. All of plaintiff's claims arose out of the alleged assaults by Christopher Jackson, a defendant and former Sergeant at the correctional facility. *Id*. Jackson was convicted of two counts of sexually assaulting Tostado and was awaiting retrial of additional charges. Plaintiff's additional civil claims against other defendants—including the department of corrections—involved their failure to adequately train, discipline, and supervise Jackson. *Id*. The defendants' motion to stay the civil proceedings until the state criminal charges pending against Jackson where resolved was granted by the Court. *Id*. at *2-4.

The *Tostado* factors weigh heavily in favor of granting a limited stay of discovery as it relates to Officer Mensah. There is no dispute that this civil action involves the same subject matter as the ongoing John Doe investigation—the June 23, 2016, officer-involved shooting of Anderson. The petition alleges that Officer Mensah's shooting Anderson constituted excessive force, that Anderson had committed no crime when Officer Mensah approached his parked vehicle in Madison Park; and that Officer Mensah failed to follow his training when he approached Anderson's vehicle. (Supra Fn. 1 p. 4-5,9; *compare* Dkt. 1, Federal Compl. at ¶¶ 91-144)   The claims asserted in this civil case mirror those asserted in the John Doe petition.

Not only do the parallel cases involve the same subject matter, they also were both brought by the family of Jay Anderson Jr. by and through Attorney Motley. The timing of the proceedings was a decision within the strategic control of Attorney Motley. As such, there is significant danger that Plaintiffs and Attorney Motley "may use civil discovery to obtain evidence and information to use in the John Doe proceeding" thereby circumventing Officer Mensah's Fifth Amendment right against self-incrimination." *See Cruz*, 1997 WL 370194, at *3. In *Doe v. Cty. of Milwaukee* the court recognized that:

> Litigants involved in both civil and criminal cases with the same central facts should not be able to use the liberal discovery procedure available in the civil actions to circumvent the restrictions on criminal discovery.

*Doe* No. 14-C-200, at *5. Without the limited stay, Plaintiffs may attempt to use information learned through the power of broad civil discovery to support and/or influence the John Doe case against Officer Mensah, which would otherwise have limited discovery.

The posture of the John Doe investigation also weighs in favor of a limited discovery stay. At this point, the special prosecutors' investigation is ongoing, however, the 60 days allotted to

5

the special prosecutors for a charging decision has seemingly expired and there is a hearing scheduled for March 18, 2022.

Given the anticipated brevity of the stay, Plaintiffs will not be irreparably harmed by the stay. All other discovery can proceed and in fact, the parties are already in the process of scheduling the depositions of Wauwatosa police officers. In further support, the scheduling order was just entered, the parties have yet to exchange initial disclosures, and the deadline for discovery is more than 8 months away making it unlikely the stay would necessitate any amendment to the scheduling order. On the other hand, if this case continues without the limited stay, Officer Mensah would be severely burdened by being forced to choose between responding to discovery, thereby waiving his Fifth Amendment Right and opening the door to criminal prosecution or refusing to respond to discovery thereby seriously prejudicing his ability to defend himself against the allegations in this lawsuit.

Moreover, staying discovery furthers the public interest in safeguarding the protections of the Fifth Amendment and promotes the public interest in allowing civil disputes to be fairly decided with a full factual record. In addition, staying discovery will promote an efficient use of judicial resources in that it may reduce the scope of issues or remove the burden of numerous privilege issues that are likely to arise if discovery proceeds. These factors weigh heavily in favor of granting a limited stay of discovery as it relates to Officer Mensah.

## CONCLUSION

Officer Mensah respectfully request that this Court exercise its discretion and grant a limited stay until the special prosecutors render a decision to respond to Plaintiffs' discovery directed to Officer Mensah, including producing Officer Mensah for any deposition.

6

Case 2:21-cv-01179-BHL  Filed 02/24/22  Page 6 of 7  Document 28

Dated at Wauwatosa, Wisconsin this 24th day of February 2022.

**GUNTA LAW OFFICES, S.C.**
Attorneys for Defendants

BY: */s/ Jasmyne M. Baynard*
Gregg J. Gunta, WI Bar No. 1004322
Ann C. Wirth, WI Bar No. 1002469
Jasmyne M. Baynard, WI Bar No. 1099898
Kyle R. Moore, WI Bar No. 1101745
Kiley B. Zellner, WI Bar No. 1056806
9898 W. Bluemound Road, Suite 2
Wauwatosa, Wisconsin 53226
T: 414) 291-7979 / F: (414) 291-7960
Emails: gjg@guntalaw.com
acw@guntalaw.com
jmb@guntalaw.com
krm@guntalaw.com
kbz@guntalaw.com