UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

---

ESTATE OF JAY ANDERSON, JR.
by Special Administrator, Starkeisha DeLaRosa;
J.A. minor child, through her next friend Starkeisha DeLaRosa,

        Plaintiff,        Case No. 2:21-cv-1179

v.

CITY OF WAUWATOSA,
OFFICER JOSEPH ANTHONY MENSAH,
in his individual capacity, and
FORMER CHIEF OF POLICE BARRY WEBER,
in his Official capacity,

        Defendants.

---

## DEFENDANT, JOSEPH MENSAH'S REPLY BRIEF IN SUPPORT OF MOTION FOR LIMITED STAY OF DISCOVERY

---

Defendant, Joseph Mensah, by his attorneys, Gunta Law Offices, S.C., hereby submits this Reply Memorandum in support of his Motion for a Limited Stay of Discovery.

### INTRODUCTION

On October 21, 2020, the same Plaintiffs in this civil proceeding, through the same counsel filed a John Doe "Petition" seeking a criminal complaint be filed against Officer Mensah in connection with the shooting death of Jay Anderson Jr., which occurred on June 23, 2016. See (Exhibit A, "John Doe Petition") The criminal John Doe Proceeding against Defendant Mensah is pending in Milwaukee County Circuit Court. *See* (Milwaukee County Case Number 2020JD000015)[1] A search of the electronic docket indicates that the last hearing occurred via zoom

---

[1] Wisconsin Circuit Court Access' website (CCAP) for Milwaukee County Case Number 2020JD000015 In RE: 968.02(3) Complaint.

1

on March 18, 2022, and the next hearing is scheduled for April 29, 2022, in person. (*Id*. fn. 1) The special prosecutors were originally provided 60 days to complete their review and render a charging decision *See* (Dkt. 28 at fn. 3)—a recording from the Courts' most recent hearing indicates that a decision will be made "within four to six weeks." [2] The decision will be whether or not to charge Defendant Mensah criminally for his actions in relation to the June 23, 2016, incident.

On February 24, 2022, Defendants filed their Motion seeking a limited stay for discovery directed only to Defendant Officer Mensah. (Dkt. 28) While the Motion was pending Plaintiffs noticed the deposition of Defendant Mensah without the agreement of Defendants, which required Defendants to file an expedited Motion for a Protective order on March 9, 2022. (Dkt. 29) [3]

For the reasons and the arguments below, Defendants' respectfully requests that this Court grant their motion and stay discovery—only as directed to Officer Mensah—until the special prosecutors' charging decision in the parallel John Doe proceeding which is expected by April 29, 2022. This will permit Defendant Mensah the ability to exercise both his constitutional right not to testify against himself and to allow this civil case to proceed justly and with full discovery.

**DISCUSSION**

Plaintiffs correctly state that Defendant Mensah has not been charged with a crime in connection with the shooting death of Jay Anderson Jr. (Dkt. 32, at 1) However, the lack of a criminal complaint should not prevent a stay as the fifth amendment privilege against self-incrimination does not require pending criminal charges.

---

[2] https://www.youtube.com/watch?v=pmsW5OUmeyM (link to Court's March 18, 2022 hearing)

[3] Defendants filed similar motions seeking limited stays and for protective order in another pending federal matter against Officer Mensah. See (Dkt. 24 in *Estate of Antonio Gonzales Jr., et al. v. Mensah, et al*., Eastern District Case No 2:21-cv-00848-LA). On March 10, 2022, Judge Adelman denied the Motion to Stay, but did grant Defendants' request for a protective order prohibiting Plaintiffs from seeking discovery from Mensah as it relates to his conduct involving Anderson matter. *Id*. at 3.

The Fifth Amendment provides that "[n]o person ... shall be compelled in any criminal case to be a witness against himself." U.S. Const. amend. V. The privilege may be "asserted in any proceeding, civil or criminal, administrative or judicial, investigatory or adjudicatory; and it protects against any disclosures which the witness reasonably believes could be used in a criminal proceeding or could lead to other evidence that might be so used." *Kastigar v. United States,* 406 U.S. 441, 444–45 (1972)(citations omitted). The privilege extends to answers that would themselves implicate the witness in a crime as well as those that would furnish a link in the chain of evidence needed to prosecute the witness for a crime. *Hoffman v. United States,* 341 U.S. 479, 486, 71 S.Ct. 814, 95 L.Ed. 1118 (1951). Courts must liberally construe the privilege against compulsory self-incrimination in favor of the right it was intended to secure. *Id.*

The Seventh Circuit has articulated a 6-factor balancing test to determine when a court may use its discretion to stay civil proceedings, postpone civil discovery, or impose protective orders and conditions "when the interests of judice seem to require such action." *Doe v. Cty. of Milwaukee*, No. 14-C-200, 2014 WL 3728078, at *5 (E.D. Wis. July 29, 2014); See *also Tostado v. Jackson*, No. 10–CV–1162, 2011 WL 2116396, at * 2 (E.D.Wis. May 25, 2011); *Bruner Corp. v. Balogh*, 819 F.Supp. 811, 813 (E.D. Wis. 1993).

A. **The Interest of Justice Requires a Limited Stay.**

A limited stay of discovery is required to guard against discovery in the civil case being used to influence the parallel criminal case.

> Litigants involved in both civil and criminal cases with the same central facts should not be able to use the liberal discovery procedure available in the civil actions to circumvent the restrictions on criminal discovery.

*Doe v. Cty. of Milwaukee*, No. 14-C-200, 2014 WL 3728078, at *5 (E.D. Wis. July 29, 2014). Here, there is more than a significant danger that Plaintiffs and Attorney Motley may use civil

discovery to obtain evidence and information for use in the John Doe proceeding thereby circumventing Officer Mensah's Fifth Amendment right against self-incrimination—they have demonstrated such conduct.

1. **The Same Subject Matter of Both Cases Favors a Limited Stay.**

Plaintiffs argue that "it is unclear if this case and the John Doe matter involve the same subject matter." (Dkt. 32, at 2) Plaintiffs then claim that "without documentation is impossible to compare the facts of a possible criminal charge with the facts of this case." *Id*. at 3. Plaintiffs' argument is disingenuous. A review of the petition as referenced in Defendant Mensah's moving brief clearly demonstrates that there is no dispute that this civil action involves the same subject matter as the ongoing John Doe investigation—the June 23, 2016, officer-involved shooting of Anderson. Specifically, the petition alleges that Officer Mensah's shooting Anderson constituted excessive force, that Anderson had committed no crime when Officer Mensah approached his parked vehicle in Madison Park; and that Officer Mensah failed to follow his training when he approached Anderson's vehicle. *See* (Exhibit A, "John Doe Petition" at 4-5, 9; *compare* Dkt. 1, Federal Compl. at ¶¶ 91-144)[4] The claims asserted in this civil case mirror those asserted in the John Doe petition.

Plaintiffs further assert that they have brought additional claims for "Failure to Train, Equal Protection, and the American with Disabilities Act." (Dkt. 32, at 3). <u>First</u>, Plaintiffs have not alleged any such claim under the American with Disabilities Act. *See generally* (Dkt. 1, Complaint) To be clear, Plaintiffs' Complaint asserts four causes of action. *Id*. at 19-31. The first three are brought pursuant to Section 1983 and allege: Excessive Force (*Id*. at 19-23), Denial of Equal Protection (*Id*. at 23-27), and Loss of Society and Companionship (*Id*. at 27-28). The fourth

---

[4] Although Defendants referenced the John Doe Petition in their moving brief (Dkt. 28, at fn 1) a copy is attached for the Court.

cause of action (which is not actually a cause of action) is for indemnification under Wisconsin Statute Section 895.46. *Id*. at 28-31.

Second, the only subject matter covered in the civil proceeding not directly covered (although sufficient intertwined) by the John Doe petition are the municipal liability allegations against the City of Wauwatosa. *Id*. 21-23; 25-26. In *Bruner Corp. v. Balogh*, the court granted a stay for a civil defendant recognizing that despite the civil action being broader in scope than the criminal complaint, "the subject matter is sufficiently intertwined for the Court to conclude that there exists more than a 'possibility' that [the Defendants] testimony could 'aid in' the state prosecution against him. 819 F. Supp. 811, 814 (E.D. Wis. 1993).

Regardless, Defendants have not prohibited Plaintiffs, nor are they asking the Court to stay discovery related to the municipal liability claims. In fact, Plaintiffs have already served, and defendants have already provided extensive documents responsive to their discovery demand regarding municipal polices and training. Moreover, Plaintiffs are free to depose any other defendant or third-party witness. Plaintiffs previously requested the deposition of two non-defendant Wauwatosa Police Officers and despite being provided availability—Plaintiffs have yet to notice those depositions.

Similarly, Plaintiffs' assertion that Defendant Mensah may have information relevant to a "policy and practice" claim against the City of Wauwatosa is a non-starter. (Dkt. 32, at 3) Plaintiffs are free to depose a Rule 30(b)(6) witness who can speak on behalf of Wauwatosa or its police department regarding policy and practice. Moreover, Defendant is seeking only a limited stay of discovery (likely ending April 29, 2022) at which point Plaintiffs can request any such relevant information.

5

Case 2:21-cv-01179-BHL   Filed 03/31/22   Page 5 of 9   Document 33

### 2. Attorney Motley's Involvement in the John Doe Proceeding Favors a Limited Stay.

It is undisputed that the government is not a party to this civil action. Contrary to Plaintiffs' representation that **"Attorney Motley [sic] no longer has any role in the John Doe Proceedings"** (Dkt. 32, at 3)(emphasis added), even a simple review of the John Doe Court record proves that Attorney Motley is very much involved in the John Doe Proceedings. The electronic court record from the March 18, 2022 hearing, reveals that Attorney Motley not only appeared on behalf of the petitioners, but was "seeking to file [a] contempt motion re subpoena duces tecum." (*Supra* fn. 1 "court activity") Most notably, during the March 18, 2022, hearing Attorney Motley specifically referenced discovery (phone records) provided by Defendants in this civil case as "critical evidence" to the John Doe investigation and advised the court she had provided those discovery materials to the special prosecutors for use in their investigation. *See generally* (fn. 2) Attorney Motley further advised the court there may be additional photos and videos that were received in civil discovery that were not previously provided to her. *Id.*

Incredibly, despite doing exactly what Defendant contended Plaintiffs would do (use civil discovery to obtain evidence and information to use in the John Doe proceedings) Plaintiffs dismiss the argument as "without any basis." (Dkt. 32, at 3) Without question there is a basis to believe Plaintiffs and Attorney Motley will continue their attempts to use the discovery obtained in this civil proceeding (specifically Officer Mensah's deposition testimony) to influence the results of the John Doe Proceedings.

### 3. The Existence of an Active John Doe Investigation Favors a Limited Stay.

Plaintiffs argue the lack of "indictment or complaint" against Defendant Mensah weighs against a stay of discovery. (Dkt. 32, at 3) In support of this argument, Plaintiffs cite *DeMarb v.*

*Isroff*, No. 20-CV-778-PP, 2021 WL 4250086, at *4 (E.D. Wis. Sept. 17, 2021) which is easily distinguished.

*DeMarb* requested a stay of the entirety of his civil proceedings based on the potential threat that he was the target of an ongoing bank fraud investigation. *Id*. * 3. The *DeMarb* court noted that a stay is disfavored where the court has no way of knowing if or when the government will move ahead with criminal charges. *Id*. at *6 (*citing Chagolla v. City of Chi.,* 529 F. Supp. 2d 941, 946 (N.D. Ill. 2008)). At the time the court ruled on the motion to stay in *DeMarb* the bank fraud investigation had been ongoing for nearly two years, there was no indication of when the investigation would end, and the civil litigation had already been informally stayed for eleven months awaiting a decision on the motion to stay. *Id*. at *2-5. Plaintiff also had a compelling argument that as time passes, more suits may be filed, assets may be liquidated or dissipated and the funds available to creditors may shrink which weighed against a stay.

Here, Judge Yamahiro has determined that there is probable cause that Officer Joseph Mensah operated a weapon in a manner constituting criminal negligence. [5] Although Defendants disagree with that finding, it is much more definite than the extrajudicial investigation in *DeMarb*. While the special prosecutors' investigation is ongoing, at the hearing on March 18, 2022, the special prosecutors indicated they would be rendering their decision in "four to six weeks" and in response the court set a hearing for April 29, 2022. (*See generally* fn. 2) Defendant Mensah is not asking for an indefinite stay of the entire civil proceeding. He is simply requesting a limited stay of discovery directed to him until the special prosecutors render a decision—most likely before April 29, 2022.

---

[5] Supra fn 1. (Docket 88)

Simply stated, the active state court proceeding provides a way of knowing if and when criminal charges will move forward and the posture of the John Doe investigation weighs in favor of a limited stay of discovery.

4. **The Interest of the Public Favors a Limited Stay.**

A limited stay of discovery furthers the public interest in safeguarding the protections of the Fifth Amendment and promotes the public interest in allowing civil disputes to be fairly decided with a full factual record. In addition, staying discovery will promote an efficient use of judicial resources in that it may reduce the scope of issues or remove the burden of numerous privilege issues that are likely to arise if discovery proceeds. These factors weigh in favor of granting a limited stay of discovery as it relates to Defendant Mensah.

5. **Balancing the Interest of Both Parties Favors A Limited Stay.**

Given the anticipated brevity of the stay, Plaintiffs will not be irreparably harmed by the stay. All other discovery can proceed and in fact has proceeded. As discovery is open until September 30, 2022 (Dkt. 21, at ¶ 3), it is unlikely that the stay will necessitate any amendment to the scheduling order. Moreover, Plaintiffs' suggestion that their case would be harmed as time passed because "evidence disappears and memories fades" fails to account for the fact that vast amounts of evidence was already provided to them during the John Doe proceeding, was again provided to them in the current matter, and that the event occurred almost 6 years ago—any memories that may "fade" have likely already done so.

On the other hand, if this case continues without the limited stay, Officer Mensah would be severely burdened by being forced to choose between responding to discovery, thereby waiving his Fifth Amendment Right and opening the door to criminal prosecution or refusing to respond to discovery thereby seriously prejudicing his ability to defend himself against the allegations in this

lawsuit. Plaintiffs' suggestion that Defendant Mensah "will always face some concern over self-incrimination" (Dkt. 32 at p. 4) is merely speculative. Even if true, Defendant Mensah is not seeking a stay based on "some concern over self-incrimination" rather his request for stay is based on the reality confronting him—a pending state court John Doe proceeding.

The harm to Defendant Mensah, by forcing to him to choose between exercising his Fifth Amendment privilege against self-incrimination or allowing him to defend himself in this civil litigation weighs in favor of granting a limited stay of discovery.

## CONCLUSION

Officer Mensah respectfully request that this Court exercise its discretion and grant a limited stay until the special prosecutors render a decision to respond to Plaintiffs' discovery directed to Officer Mensah, including producing Officer Mensah for any deposition. This is no way prohibits Plaintiffs from deposing any other defendant or third-party witnesses, nor does it prevent Plaintiffs from directing discovery to any other defendant—which they have.

Dated at Wauwatosa, Wisconsin this 31st day of March 2022.

          **GUNTA LAW OFFICES, S.C.**
          Attorneys for Defendants

BY:    */s/ Jasmyne M. Baynard*
        Gregg J. Gunta, WI Bar No. 1004322
        Ann C. Wirth, WI Bar No. 1002469
        Jasmyne M. Baynard, WI Bar No. 1099898
        Kyle R. Moore, WI Bar No. 1101745
        Kiley B. Zellner, WI Bar No. 1056806
        9898 W. Bluemound Road, Suite 2
        Wauwatosa, Wisconsin 53226
        T: 414) 291-7979 / F: (414) 291-7960
        Emails:    gjg@guntalaw.com
                       acw@guntalaw.com
                       jmb@guntalaw.com
                       krm@guntalaw.com
                       kbz@guntalaw.com