UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

ESTATE OF JAY ANDERSON JR, et al.,

              Plaintiffs,

v.                                                              Case No. 21-cv-1179-bhl

JOSEPH ANTHONY MENSAH, et al.,

              Defendants.

_____

## ORDER GRANTING MOTION TO STAY
## AND DENYING MOTION FOR PROTECTIVE ORDER

_____

       This case involves allegations arising out of an incident in which City of Wauwatosa Police Officer Joseph Mensah fatally shot Jay Anderson Jr. on June 23, 2016. ECF No. 1. Counsel for Plaintiffs filed the Complaint on October 13, 2021. *Id.* Counsel also filed a state-court petition asking that criminal charges be filed against Mensah. ECF No. 33-1. On February 24, 2022, Defendants filed a motion for a limited stay of discovery, asking that all discovery requests directed to Mensah, including requests for Mensah's deposition, be stayed until prosecutors reach a decision about charging Mensah with a crime. ECF No. 27. Two weeks later, citing Plaintiffs' apparent attempts to depose Mensah as soon as possible, Defendants filed an expedited motion for a protective order preventing Plaintiffs from taking Mensah's deposition or seeking written discovery from Mensah until the Court renders a decision on the motion to stay. ECF No. 29. Both motions are now fully briefed. ECF Nos. 31, 32, 33.

       "District courts have inherent authority to stay civil proceedings until related criminal cases are completed 'when the interests of justice seem[] to require such action.'" *Doe v. Cty. of Milwaukee*, No. 14-C-200, 2014 WL 3728078, at *5 (E.D. Wis. July 29, 2014) (citing *United States v. Kordel,* 397 U.S. 1, 12 n. 27 (1970)); *see also Mr. Dee's, Inc. v. Int'l Outsourcing Servs.*, LLC, No. 08-C-457, 2008 WL 4853601, at *1 (E.D. Wis. Nov. 3, 2008). Courts in the Seventh Circuit have considered several factors in determining whether to stay civil proceedings because of a pending criminal action: "(1) whether the two actions involve the same subject matter; (2) whether the two actions are brought by the government; (3) the posture of the criminal proceeding; (4) the effect on the public interests at stake if a stay were to be issued; (5) the interest of the plaintiffs in proceeding expeditiously with [the] litigation and the potential prejudice to plaintiffs of a delay; and (6) the burden that any particular aspect of the proceedings may impose on defendants." *Tostado v. Jackson*, No. 10-CV-1162, 2011 WL 2116396 (E.D. Wis. May 25, 2011) (citing *Cruz v. Cnty. of DuPage*, 1997 WL 370194, *2 (N.D. Ill. 1997)).

Plaintiffs suggest the pending criminal action is not the same as this civil action because the civil action names the City of Wauwatosa as a defendant and includes claims of failure to train, denial of equal protection, and violations under the Americans with Disabilities Act. ECF No. 32 at 3. But there is no doubt that both cases involve the same subject matter – Mensah's fatal shooting of Anderson on June 23, 2016. A short stay will not prejudice Plaintiffs. The current deadline for discovery is September 30, 2022. ECF No. 21. In their initial motions, Defendants indicated that a decision regarding the criminal charges against Mensah would be announced on March 18, 2022. ECF No. 28 at 2; ECF No. 29 at 2. In their March 31 reply brief to the motion to stay the Defendants informed the Court that March 18 came and went without a decision. Still, during the March 18 hearing prosecutors announced that they would make a decision in four to six weeks—by April 29. ECF No. 33 at 1–2. Another hearing on the criminal matter is also scheduled for April 29. *Id.* A limited stay of discovery as to Mensah until then does not substantially burden Plaintiffs. A denial of the stay, on the other hand, would prompt Mensah to choose between invoking his constitutional right against self-incrimination and fully responding to discovery. The Court does not see a need to force this decision.

Accordingly,

**IT IS HEREBY ORDERED** that the motion for limited stay, ECF No. 27, is **GRANTED**. Discovery requests, including deposition requests, as to Defendant Mensah are stayed until **May 20, 2022**. The Court will hold a status conference on **May 9, 2022 at 9:30 AM**. To appear, call the Court's conference line at 1-866-434-5269, and enter access code 1737450# before the scheduled hearing time.

**IT IS FURTHER ORDERED** that the motion for a protective order, ECF No. 29, is **DENIED as moot**.

Dated at Milwaukee, Wisconsin on April 5, 2022.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge